

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**L<small>AW</small> D<small>EPARTMENT</small>**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **RACHEL SELIGMAN WEISS**<br>*Senior Counsel*<br>*rseligma@law.nyc.gov*<br>*Phone: (212) 356-2422*<br>*rseligma@law.nyc.gov* |

May 18, 2022

**BY ECF**
Hon. John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>Burton v. City of New York, John Doe Officers,</u>
            21 Civ. 6928 (JPC)

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendant the City of New York (hereinafter "defendant") in the above-referenced matter.[1] Defendant writes to respectfully request the Court to compel plaintiff's response to the City's Identification Interrogatories, and to further request that the Court set Defendant's deadline to respond to the *Valentin* order, to thirty (30) days from the date of plaintiff's response to the Interrogatories. This is Defendant's first request for the relief requested herein. Plaintiff's position could not be obtained.

      By way of background, Leroy Burton ("Plaintiff") initiated this action on August 16, 2021. (*See* Compl., ECF No. 2). Plaintiff's allegations arise from events at the George R. Vierno Center ("GRVC") Intake Receiving Room in the "dry cells" on or about December 15, 2019. (*Id.* at 2). Plaintiff alleges, *inter alia*, that three correction officers—John Doe #1 C.O., John Doe #2 C.O., and John Doe #3, C.O.— "all converged upon" Plaintiff and "attacked" Plaintiff while he "was standing on the bench." (*Id.* at 3). Plaintiff alleges he was not taken to the hospital for several days' despite "days of complaining." (*Id.* at 3). On October 21, 2021, the Court ordered the City to ascertain the full name of the individual "John Doe" Corrections Officers who are alleged to have "grabbed his [plaintiff's] feet from under him…and caused him to hurt his head, back, shoulders," (*Id.*, at 5), pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), by December 21, 2021. (Order of Service, Dkt. No.6, at 4).

      On December 16, 2021, Defendant requested an extension of time to respond to the *Valentin* order (ECF No. 12) and the Court extended the Defendant's time to reply until January

---

[1] This case has been assigned to Assistant Corporation Counsel Bobbie Brown, who is awaiting admission to the New York Bar. Ms. Brown is handling this matter under supervision and may be reached at (212) 356-2337 or bobrown@law.nyc.gov.

20, 2022. (ECF No. 13). Consistent with the City's proposed plan, submitted to the Court on January 19, 2022 and thereafter endorsed on January 26, 2022, Defendant sent Identification Interrogatories to plaintiff on or about February 8, 2022 seeking additional information about the unidentified officers. Plaintiff's responses were due to these Identification Interrogatories by March 10, 2022. Having received no response, on March 18, 2022, this Office mailed plaintiff a second copy of the Interrogatories and demanded his response once again. Defendant once again requested that Plaintiff respond within thirty (30) days, *i.e.,* by April 18, 2022. Plaintiff once again failed to timely respond. However, in a final good faith effort to provide plaintiff with another opportunity to respond, the City mailed plaintiff a demand letter on May 10, 2022, demanding plaintiff's response to the Interrogatories no later than May 16, 2022. Plaintiff was also instructed to directly contact the Assistant Corporation Counsel assigned to the case, Bobbie Brown, in the event plaintiff needed more time to respond.

As of the date of this letter, plaintiff has failed to respond to the Identification Interrogatories despite having had more than three (3) months to do so. Nor has plaintiff contacted this Office to request more time to respond. Without plaintiff's responses and the additional information regarding the individuals he purports to sue in this action, defendant is unable to comply with the Court's *Valentin* Order. Defendant is at a loss as to why plaintiff continues to ignore its repeated communications and efforts to further this litigation.

Therefore, defendant respectfully requests this Court to compel plaintiff to respond to the Identification Interrogatories, which are necessary for identifying the "John Doe" defendants. Defendant City further requests that its response to the *Valentin* Order be due 30 (thirty) days from the date plaintiff provides his responses to the long-overdue Interrogatories.

Thank you for your consideration herein.

Respectfully submitted,

*Rachel Seligman Weiss* /s
Rachel Seligman Weiss
*Senior Counsel*

The request is granted. By June 20, 2022, Plaintiff must file a status letter indicating whether he has complied with the City's identification interrogatories, and if so, how he has complied. If Plaintiff has not complied, he must show good cause for failing to do so. The City shall respond to the Valentin order, Dkt. 6, within 30 days of Plaintiff's compliance. If Plaintiff does not comply with this Order and respond to the identification interrogatories, the Court may dismiss this case without prejudice for failure to prosecute and failure to comply with a court order without further notice. *See* Fed R. Civ. P. 41(b); *see also, e.g., Mackensworth v. S.S. American Merchant*, 28 F.3d 246, 253 (2d Cir. 1994) ("Dismissal of a claim may . . . be an appropriate sanction for failure to prosecute a claim or failure to comply with discovery orders."). The Clerk of Court is respectfully directed to mail this Order to the pro se Plaintiff.

SO ORDERED.
Date: May 19, 2022
      New York, New York

JOHN P. CRONAN
United States District Judge