UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEROY BURTON,<br><br>                       Plaintiff,<br><br>  -v-<br><br>CITY OF NEW YORK et al.,<br><br>                       Defendants. | 21 Civ. 6928 (JPC)<br><br>ORDER REQUESTING PRO BONO COUNSEL |

John P. Cronan, United States District Judge:

For the following reasons, the Court requests that an attorney represent Plaintiff in this matter. Although the Court would prefer that any such attorney represent Plaintiff throughout this case, the Court would also accept a limited representation for the purpose of discovery, including most importantly discovery as to the identities of the John Doe Defendants.

## I. Legal Standard

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no requirement in civil cases that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to request *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel in a civil case, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious

commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to request *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## II. Discussion

The Court previously granted Plaintiff's request to proceed *in forma pauperis*. *See* Dkt. 4. Plaintiff therefore qualifies as indigent.

The Complaint asserts a claim under 42 U.S.C. § 1983. Dkt. 2 at 1. Plaintiff alleges that on or about December 15, 2019, when he was incarcerated at the George R. Vierno Center on Rikers Island, a group of three corrections officers assaulted him severely enough that he lost consciousness. *Id.* at 2-3. Due to the assault, Plaintiff further alleges, he has sustained injuries across much of his body that continue to cause him physical pain, and he continues to suffer

neurological symptoms such as headaches and memory loss.  *Id.* at 3-4.  Because at the time Plaintiff was unaware of the identities of the corrections officers who allegedly assaulted him, the Complaint initially named three John Doe corrections officers as Defendants, in addition to the City of New York (the "City").  *Id.* at 2.  Subsequently, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court ordered the New York City Law Department (the "Law Department"), the attorney for the City, to "ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue."  Dkt. 6 at 4.  The Court further granted the Law Department's request to serve Plaintiff with limited pre-discovery interrogatories in order to assist in identifying the John Doe Defendants.  Dkt. 15.  Nonetheless, the Law Department's and New York City Department of Corrections's review has so far been unable to successfully identify the corrections officers who allegedly assaulted Plaintiff.  Dkt. 40.

Applying the framework set forth by the Second Circuit in *Hodge*, the Court finds that Plaintiff's claim is "likely to be of substance."  802 F.2d 61-62.  The Complaint advances allegations that are serious—namely, that with no justification three corrections officers gravely assaulted Plaintiff, causing severe and lasting injuries, both physical and mental.  Dkt. 2 at 3.  If these allegations are true, the conduct they describe plausibly entitles Plaintiff to relief under 42 U.S.C. § 1983.  And while it is obviously too early to conclusively determine whether the allegations are true, Plaintiff's contemporaneous statements describing an assault, Dkt. 40 at 2, make his allegations credible enough that they cannot lightly be dismissed.

The Court similarly finds that many of the other *Hodge* factors weigh in favor of requesting counsel to represent Plaintiff.  Presently, this case has stalled: the Law Department has been unable to identify the John Doe Defendants, and consequently it is unclear whether Plaintiff's suit against those Defendants will be able to proceed.  Furthermore, if Plaintiff remains unrepresented by

counsel it is unlikely that he will be able to effectively challenge the Law Department's determination that the John Doe Defendants cannot reasonably be identified. Plaintiff's "ability to investigate the crucial facts," a factor cited explicitly in *Hodge*, 802 F.2d at 61, is obviously impaired significantly by his continued incarceration. And "the complexity of the legal issues" *id.* at 62, involved in conducting the discovery required to identify the John Doe Defendants would be formidable for any *pro se* plaintiff, much less one who is incarcerated.

To be sure, the Court does not mean to question whether the Law Department has complied with the *Valentin* Order in good faith. But our adversarial legal system is premised on the effectiveness of zealous advocacy in advancing the interests that such advocates represent, and the Court sees no reason why, in this case too, zealous advocacy on Plaintiff's behalf could not suggest avenues of inquiry that have not yet been tried or identify aspects of the Law Department's inquiry thus far that might prove fruitful with further effort. Furthermore, it appears likely that additional discovery might be required in subsequent phases of this case were Plaintiff to amend the Complaint with the true names of the John Doe Defendants, and the Court expects that the assistance of counsel would be valuable during those phases too, to ensure that all required information is before the Court in resolving this case on its merits. In short, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

### III. Conclusion

For the foregoing reasons, the Court requests *pro bono* counsel to represent Plaintiff in this matter, either throughout this entire case or only for the purposes of discovery. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an

attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, DIN 20A0124, at the Elmira Correctional Facility, 1879 Davis St., P.O. Box 500, Elmira, N.Y. 14901-0500, where he is listed by the New York State Department of Corrections website, https://nysdoccslookup.doccs.ny.gov/, as presently residing.

SO ORDERED.

Dated: January 19, 2023
New York, New York

JOHN P. CRONAN
United States District Judge