

www.pbwt.com

April 27, 2023

By ECF

James Mayer
(212) 336-2354
jmayer@pbwt.com

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:   **Letter Motion for Limited Discovery, *Burton v. City of New York et al.*,**
**1:21-cv-6928 (JPC) (S.D.N.Y.)**

Dear Judge Cronan:

Our firm was recently retained to represent Plaintiff Leroy Burton in this matter
for the limited purpose of discovery, including discovery as to the identities of the John Doe
Defendants. To that end, we respectfully request that the Court authorize expedited early
discovery for the limited purpose of discerning the identities of the John Doe Defendants. We
anticipate serving written discovery requests by May 5, 2023, and anticipate completing any
depositions within thirty (30) days of receiving Defendants' production. We have conferred with
counsel for Defendants, who have informed us that they do not oppose this motion.

When considering whether to grant a motion for discovery prior to a Rule 26(f)
conference, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin,
Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al–Madina*,
233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)). That standard is satisfied here. To date, Plaintiff has
been unable to identify the John Doe Defendants due to his incarceration, lack of resources, and
*pro se* status, and despite the City's best efforts, they have been unable to identify the John Doe
Defendants pursuant to the Court's *Valentin* order. *See* Dkt. #40. Thus, good cause exists to
grant a motion for early discovery here, as identifying the proper defendants is precisely the type
of material factual issue that the appointment of pro bono counsel is intended to address. *Cf.
Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986) (explaining that a court should
consider indigent's "ability to investigate the crucial facts," "the indigent's ability to present the
case," and whether counsel would "be more likely to lead to a just determination); *see also* Dkt.
#41 (requesting the appointment of pro bono counsel "for the purpose of discovery, including
most importantly discovery as to the identities of the John Doe Defendants").

We anticipate filing an amended complaint upon discerning the identities of the
John Doe Defendants. *See* Dkt. #6 (directing Plaintiff to file an amended complaint "within

April 27, 2023
Page 2

thirty days of receiving" the names and addresses of the John Doe Defendants).  Accordingly, we respectfully request that the Court authorize Plaintiff to file an amended complaint within 21 days from the close of this early discovery period.[1]

       We are available for a conference at the Court's convenience if Your Honor would like to discuss.

Respectfully submitted,

*/s/ James Mayer*
James Mayer

cc:    All Counsel of Record via ECF Filing

The motion for limited discovery is granted.  Plaintiff may serve written discovery requests by May 5, 2023, and may conduct depositions within thirty days after receiving production from Defendants.  By May 5, 2023, Defendants shall submit a letter informing the Court of whether they oppose Plaintiff's request to file an amended complaint within 21 days from the close of this period of early discovery.

SO ORDERED
Date: April 28, 2023
New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] Defendants' counsel advised us that they had not yet taken a position on this request.